```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 09 2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DANIEL CEDENO and
JULIO C. DOTEL-PEREZ

CV-15-7746 (GBD)

Plaintiffs,

-against-

MONTAUK STUDENT TRANSPORT LLC
and JOHN B. MENSCH,

Defendants.
------------------------------------------------------------------x

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS**, on or about October 1, 2015, Plaintiffs filed, in the United States District Court, Southern District of New York, Case Number 15-CV-7746 (GBD), a complaint in an action asserting violations of the Fair Labor Standards Act and New York Labor Law (the "Complaint"). More specifically, Plaintiffs allege that the Defendants knowingly and actively attempted to subvert federal and state wage laws, particularly with respect to overtime wages, by paying the Plaintiffs two separate checks in a single workweek, each representing less than forty hours worked, for workweeks in which the employees worked more than forty hours; and

**WHEREAS**, on or about January 7, 2016, Defendants filed an Answer to the Complaint, denying all material allegations of wrongdoing, asserting a number of defenses to the claims asserted therein, and seeking dismissal of the Complaint in its entirety; and

**WHEREAS**, on or about January 18, 2016, Defendants' counsel notified Plaintiffs' counsel about representation of a third individual, Pedro Garcia, who has

claims against Defendants similar to the Plaintiffs. While Mr. Garcia never joined the instant action, the parties have addressed his claims and have agreed to settlement them outside the instant litigation for the same reasons set forth herein; and

**WHEREAS**, on or about February 12, 2016, Defendants' counsel sent a detailed letter to Plaintiffs' counsel addressing the merits of the Plaintiffs' claims, stating that the Company is registered as a Federal Motor Safety Carrier Administration Motor Carrier and that the Plaintiffs are exempt from the requirement to pay overtime under the Federal Motor Carrier Act, admitting that there were 24 weeks in which Plaintiff Cedeno received two pay checks and there were 25 weeks in which Plaintiff Dotel-Perez received two pay checks and, despite the Motor Carrier Act exemption position, stating that Defendants were willing to discuss settlement of the overtime claims. In the interests of brevity, a copy of said letter is attached hereto as Exhibit "A"; and

**WHEREAS,** Defendants produced over 650 pages of records for review by Plaintiffs, including proof of the Company's Federal Motor Carrier Safety Administration Registration, documents showing that Plaintiffs complied with their obligations under the Federal Motor Carrier Safety Administration regulations (to show they are exempt), compensation reports, and time records (please see the Index of Documents produced attached hereto as Exhibit "B"); and

**WHEREAS,** on or about July 25, 2016, the Plaintiffs provided their settlement demands and an Excel Spreadsheet in support of those demands (a copy of the Excel Spreadsheet is attached hereto as Exhibit "C"), which claimed that Plaintiff Cedeno was owed unpaid wages of $2,153.25 and Plaintiff Dotel-Perez was owed unpaid wages of $1,958.00; and

2

**WHEREAS,** Defendants reviewed the Excel Spreadsheet, compensation reports, and time records, determined that the amount of overtime was overstated in many cases and understated in other cases, handwrote the correct number of overtime hours worked on a weekly basis on the Excel Spreadsheet, showing that, assuming solely for the purposes of argument that the Motor Carrier Act exemption does not apply in this case, Plaintiff Cedeno is owed unpaid wages of $1,602.00 and Plaintiff Dotel-Perez is owed unpaid wages of $1,376.00 (please see Exhibit "C" hereto); and

**WHEREAS,** Plaintiffs and Defendants desire to fully and finally resolve and settle in full all claims that Plaintiffs had, have, or may have against any the Defendants; and

**WHEREAS,** for the sole purpose of avoiding the cost and inconvenience of potential and further litigation, Defendants have agreed to pay the Plaintiffs and their counsel the total sum of Twelve-Thousand Seven-Hundred Fifty Dollars ($12,750.00) (hereinafter "the Settlement Amount"), inclusive of attorney's fees referenced herein, in three (3) installments in the amounts of Four-Thousand Two-Hundred Fifty Dollars ($4,250.00) on or about October 17, 2016, on November 15, 2016, and concluding on December 15, 2016, which payments shall be apportioned as follows for 1099 purposes:

    i.    Levine & Blit, PLLC in the amount of Four-Thousand Five-Hundred Dollars ($4,500.00), representing attorneys' fees and costs for 36 hours of work[1]; and

---

[1] While total billable hours are represented, here, for reference purposes, plaintiff's final attorneys' fees were calculated based on one-third of the total sum recovered or, $4,125, after costs of $375 were deducted. "Courts in this Circuit have often approved requests for attorneys' fees amounting to 33.3% of a settlement fund." See *Karic v. Major Automotive Companies, Inc.*, 09 CV 5708(CLP), 2016 U.S. Dist. LEXIS 57782, 2016 BL 138120, 2016 WL 1745037, at 8 (E.D.N.Y. April 27, 2016) Please note that this method of calculating attorneys' fees, at the 33% rate, caused total attorneys' fees to

3

    ii.    Daniel Cedeno in the amount of Four-Thousand One-Hundred Fifty Dollars ($4,125.00), representing wages of $1,856.25, liquidated damages of $1,856.25, and interest of $412.50; and

    iii.    Julio C. Dotel-Perez in the amount of Four-Thousand One-Hundred Fifty Dollars ($4,125.00), representing wages of wages of $1,856.25, liquidated damages of $1,856.25, and interest of $412.50.

**WHEREAS,** since the agreed upon wages being paid to the Plaintiffs, $1,856.25, are more than the amounts actually due and owing to Plaintiff Cedeno ($1,602.00) and Plaintiff Dotel-Perez ($1,376.00), 100% liquidated damages on wages of $1,856.25 are being paid, interest at an appropriate rate of 10% is being paid, and attorney's fees at an hourly rate within a reasonable range for attorneys in FLSA cases in this District is being paid, the settlement reflects a fair and reasonable compromise of disputed issues; and

**WHEREAS,** Plaintiffs and Defendants have concurrently entered into a Settlement Agreement and Release of Claims consistent with the terms set forth herein; and

**IT IS HEREBY STIPULATED AND AGREED,** by and between the parties in the above captioned action, through the undersigned counsel, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or attorneys' fees to any party (other than those stated above).

The Court retains jurisdiction over the settlement of this action.

---

be far below fees calculable based on a reasonable hourly rate multiplied by total billable hours.

4

A copy of this Stipulation and Order shall be deemed as valid as an original.

Dated: October 31, 2016

Levine & Blit, PLLC

By: _____

    Russell S. Moriarty, Esq.
    *Attorneys for Plaintiffs*
    350 Fifth Avenue
    Suite 3601
    New York, NY 10118
    Telephone: (212) 967-3000
    Facsimile: (212) 967-3010
    rmoriarty@levineblit.com

Dated: October 31, 2016

Naness, Chaiet & Naness, LLC

By: _____

    W. Matthew Groh, Esq.
    *Attorneys for Defendants*
    375 North Broadway
    Suite 202
    Jericho, New York 11753
    Telephone: (516) 827-4300
    Facsimile: (516) 827-0202
    matt@ncnlaw.com

**SO ORDERED THIS 9th DAY OF** November **, 2016**

_____
HONORABLE GEORGE B. DANIELS, U.S.D.J.